NATIVIDAD, MARÍA INÉS, ANSELMO ARCENIO, VICENTA, CARMEN and CARLOS MUÑOZ-GÓMEZ, Plaintiffs and Appellants, *v.* PETRONA CHANDRI and GERARDO MARTÍ, Defendants and Appellees.

No. 3851. Argued March 23, 1926.—Decided February 3, 1927.

*C. B. Buitrago* for the appellants. *V. F. Rodríguez Ortiz* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This action was brought to recover a rural property situated in San Lorenzo. The plaintiffs, all brothers and sisters, allege that they are the owners of half of the said property by inheritance from their mother and of three-fourths of the other half by inheritance from their father. Defendants alleged that the plaintiffs sold to Felipe Chandri their share in a certain described property; that the rights of the plantiffs had been determined in an action brought by a sister on their father's side and a grandchild of their father, in which they appeared as defendants because they refused to join as plaintiffs therein, and that in any case the right of the plaintiffs had prescribed because the defendants had been in possession of the property for more than

ten years, they having been put in charge of the property by its purchaser Chandri, who had gone to Spain.

The case was tried and the court rendered judgment against the plaintiffs with the costs. They appealed therefrom, alleging three errors which will be considered in the order of their assignment.

First: "In finding that the property described in the complaint and that described in the answer are the same."

Appellants contend that the answer failed to allege that the property said to have been acquired by Chandri from the plaintiffs was the same property claimed by the plaintiffs and therefore that the judge had no ground on which to base his conclusion that the identity of the two properties had been shown.

The purchase of a property by Chandri from the plaintiffs was pleaded in the answer as a first defense, without expressly stating that it was the same property claimed by the plaintiffs in this action. But if the first defense is connected with the third, namely, prescription, it will be seen that the identity is alleged.

The conclusion from the evidence in that respect is so obvious that the appellants do not stop to consider it in their brief. The identity arises not only from the evidence, both documentary and oral, but from the very descriptions of the property contained in the complaint and the answer. A discrepancy appears only as to the area and that is explained satisfactorily by the evidence.

Second: "In admitting in evidence a copy of deed No. 3 of January 11, 1906, executed before notary Abelardo Cajas Machado."

The objection to the admission of the document was stated as follows: "Because the property had not been identified and the deed had been executed between parties other than those concerned in this action, and because there were no records thereof in the registry of property."

We have already said that the identity had been shown. The evidence also showed that the parties were the same. The vendors in the deed are exactly the same as the plaintiffs herein, and the purchaser is Felipe Chandri. The fact that defendants pleaded in their answer that they were in possession of the property because they had been put in charge thereof by its owner, Felipe Chandri, when he left for Spain, and that at the trial defendant Petrona Chandri had testified that she was in possession thereof as owner because she had inherited the property from her father, Felipe Chandri, without showing that Felipe Chandri had died and that Petrona was his only child and heir, does not support the contention that they were different parties. Whether as heir or agent in charge, Petrona Chandri was the successor in interest of Felipe Chandri and the title of Felipe Chandri was submitted by defendants in opposition to that of the plaintiffs.

While it is true that the plaintiffs showed that they had their title recorded in the registry of property, first as possessory title and then as dominion title, and that the deed of sale in question was not recorded, it is also true that article 389 of the Mortgage Law provides as follows:

"After this law shall go into effect, no document or instrument which has not been recorded in the registry whereby rights subject to record under said law, are constituted, transferred, acknowledged, modified, or discharged, shall be admitted in ordinary or special courts or tribunals, in councils or in the offices of the Government, if the purpose of the presentation should be to enforce to the prejudice of a third person a right which should have been recorded."

But that statute is applicable only when "the purpose of the presentation should be to enforce to the prejudice of a third person a right which should have been recorded," and this is not a case of third persons. The plaintiffs themselves executed the document.

Besides the objections raised at the time of the admission,

it is now alleged for the first time in this Supreme Court that the deed is void because the signatures of some of the parties executing it who could not sign were not made to appear as provided for by law.

If we admit for the sake of argument that the deed was void as a public document and that it could not be admitted as such of itself in the registry, it would have been admissible as evidence by a court as a private instrument.

Third: "In holding that the conduct of the plaintiffs justified the imposition of the costs."

This was not error. If, as found by the trial court, the plaintiffs had sold the same property that they claimed as belonging to them, no plainer case of temerity could be shown deserving the imposition of costs.

The judgment appealed from must be affirmed.